# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 17-40704
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE LUIS GRACIA, also known as Jose Angel Gracia,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-706-18

—————

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jorge Luis Gracia was convicted pursuant to his conditional guilty plea of conspiracy to possess with intent to distribute less than 500 grams of cocaine. In this appeal, he challenges the district court's denial of his motion to suppress evidence seized during a warrantless search of the vehicle in which he was a passenger. He contends that the driver's consent to the search was not voluntary. We assume without deciding that Gracia has standing to object

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the driver's consent to the search.  *See United States v. Iraheta*, 764 F.3d 455, 461 (5th Cir. 2014).  We also decline to decide whether Gracia preserved this argument by sufficiently raising the voluntariness of the driver's consent in the district court, *see United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010), because his argument lacks merit on any standard of review, *see United States v. Fernandez*, 559 F.3d 303, 330 (5th Cir. 2009).

"A search conducted pursuant to consent is excepted from the Fourth Amendment's warrant and probable cause requirements."  *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002).  The voluntariness of consent is a fact question determined from the totality of circumstances and is reviewed for clear error.  *Id.*  We consider the following six non-dispositive factors to determine whether consent to a search was voluntarily given:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*Id.* at 436 & n.21 (internal quotation marks and citation omitted).

Having reviewed the parties' arguments, the suppression hearing, and the video recording of the traffic stop, we conclude that the district court's implicit finding that the driver voluntarily consented to the search is a reasonable view of the evidence based on the totality of the circumstances.  *See Scroggins*, 599 F.3d at 440; *Solis*, 299 F.3d at 436; *see also United States v. Crain*, 33 F.3d 480, 483-84 (5th Cir. 1994).  Gracia's arguments to the contrary, including his contention that the driver merely acquiesced to a claim of lawful authority, are unpersuasive and fail to establish "a definite and firm conviction that a mistake has been committed." *Scroggins*, 599 F.3d at 440.

AFFIRMED.